# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, :   12 MAP 2021
PENNSYLVANIA GAME COMMISSION, :
                                  :
          Appellee            :
                                  :
            v.                :
                                  :   Appeal from the Order of the
THOMAS E. PROCTOR HEIRS TRUST :   Commonwealth Court at 493 MD 2017
AND THE MARGARET O.F. PROCTOR :   dated 2/17/21
TRUST,                           :
                                  :
          Appellants         :


## *ORDER*


**PER CURIAM**                               **DECIDED: November 17, 2021**

      **AND NOW**, this 17th day of November, 2021, the single-judge orders of the Commonwealth Court dated January 26, 2021, and February 17, 2021, are VACATED, and the matter is remanded for further proceedings.

      In this complex, quiet-title action premised on the consequences of tax sales conducted in 1908 and 1924, an *en banc* panel of the Commonwealth Court unanimously declined to award summary relief, finding that there were at least two core, material issues of fact that required fact-finding. In laying the foundation for this ruling, the *en banc* panel specifically explained: "It is undisputed that the Premises was *unseated*[, or undeveloped and wild,] at the time of the 1908 and 1924 Tax Sales." *PCG v. Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, *slip op.* at 4 n.5 (Pa. Cmwlth. Jan. 16, 2020) (*en banc*) (emphasis

added).  The *en banc* court then considered the principles delineated in the seminal decision addressing the effects of a tax sale upon title to unseated property in the relevant era, namely, *Herder Spring Hunting Club v. Keller*, 143 A.3d 358 (Pa. 2016).  Ultimately, the court determined that *Herder Spring*'s holding that a tax sale had the effect of washing title and reuniting previously severed surface and subsurface estates might or might not control the outcome of the present case, depending on the resolution of the material factual controversies.[1]

Subsequently, the case was assigned to a single judge, who issued a scheduling order requiring the parties to submit "a joint pretrial filing narrowing the issues for trial." Order dated Apr. 3, 2020, in *Thomas E. Proctor Heirs Trust*, No. 493 M.D. 2017, at 1.  In response, the litigants tendered a joint submission disclosing that discovery was complete, identifying witnesses to be presented and documents to be submitted into evidence, and stipulating to the undisputed facts.  In the material part of the stipulation, the parties cited verbatim to the *en banc* court's previous memorandum as follows:  "It is undisputed that the Premises was unseated at the time of the 1908 and 1924 Tax Sales." Joint Pretrial Filing in *Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, at 19 (citing *Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, *slip op.* at 4 n.5 (Jan. 16, 2020 *en banc* memorandum)).

Based on this stipulation to a fact that already had been accepted as true by the *en banc* panel, the single judge determined that there were no longer any material factual

---

[1] The two, main issues of material fact identified by the *en banc* court concerned whether county authorities had been notified, prior to the tax sales, of a severance of the surface and subsurface estates; and whether the purchaser at each tax sale was an agent of the defaulting owner, thus allegedly effectuating a redemption.  *See Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, *slip op.* at 14, 17-18 (Jan. 16, 2020 *en banc* memorandum).

disputes and that she could therefore proceed to render judgment without a trial.[2] Ultimately, the single judge concluded that the subject premises were "necessarily sold as a whole at the 1908 and 1924 tax sales, including both surface and subsurface interests, thereby washing the title" and divesting Appellants of their interest in the subsurface minerals. *Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, *slip op.* at 17-18 (Jan. 26, 2021 single-judge memorandum).

The single judge also denied Appellants' ensuing application for relief which she characterized as one seeking *post-trial* relief. *See Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, *slip op.* at 1 (Feb. 17, 2021) (single-judge memorandum). In this regard, she referred to the proceeding before her as entailing "stipulated facts in lieu of a bench trial." *Id.*

Appellants, however, never agreed to forego a trial via stipulation; rather, they were prepared to present evidence about the specific matters that the *en banc* Commonwealth Court had found to be material issues of *disputed* fact. The fact that the parties stipulated to a matter that already had been accepted as true -- since it was undisputed -- changed nothing.

To the degree that the single judge has implied that the *en banc* opinion concerned *seated*, and not unseated, property, such position is not borne out by that opinion. In this regard, *Herder Spring*'s analysis of the effect of tax sales on title to real property is the

---

[2] Specifically, the judge stated:

> The dispositive question of fact is *whether the Property was unseated (i.e., wild)* in 1908 and 1924, when it was exposed to tax sales. In their pretrial stipulations of fact, the parties agreed that it was. This Court therefore finds there are no longer any genuine issues of material fact remaining for trial.

*See Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, *slip op.* at 17-18 (Jan. 26, 2021 single-judge memorandum) (emphasis added; citations omitted).

centerpiece of the *en banc* opinion, *see Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, slip op. at 6-10 (Jan. 16, 2020 *en banc* memorandum) (detailing the factual and procedural background and analysis of *Herder Spring*), and the *en banc* court clearly apprehended that *Herder Spring* applies to "cases involving quiet title actions for formerly *unseated* land sold at a tax sale prior to 1947." *Id.* at 10 (quoting *Herder Spring*, 143 A.3d at 378 (emphasis added)). Along these lines, the *en banc* court specifically interrelated *Herder Spring*'s treatment of the effect of a tax sale of unseated property with its determination that material factual controversies existed. *See id.* at 13 (explaining that, "[u]nder *Herder Spring*, the issue is whether [Appellants' predecessors in title] reported the severance of rights to the County Commissioners" and concluding that, "while a reasonable trier of fact could conclude that the [Appellants'] predecessors-in-title reported the severance of the Surface and Subsurface rights, a reasonable trier of fact could also conclude they did not" (emphasis removed)).[3]

---

[3] Subsequent to the initial single-judge disposition, the judge appeared to suggest that, while it may have been undisputed before the *en banc* court that the property in issue was factually unseated, there had been controversy as to whether it was *assessed* and *sold* as such. *See PCG v. Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, *slip op.* at 1-2 (Pa. Cmwlth. Feb. 17, 2021) (single-judge memorandum at the post-dispositional stage) ("The parties' dispositive stipulation of fact in this case, which topples the dominoes of all other related issues, is that the land at issue was both assessed as unseated and sold at the 1908 and 1924 tax sales as unseated.").

The difficulty, however, is that there was no more a material controversy about such a purported mismatch than there was about the undisputed fact that the property was unseated in the first instance. In this regard, all parties, as well as the *en banc* panel, had recognized the central significance of the effect of title-washing relative to property that is unseated -- and is assessed and sold as unseated -- per the governing statutory framework discussed extensively in *Herder Spring*. *See, e.g.*, *Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, *slip op.* at 6-10 (Jan. 16, 2020 *en banc* memorandum); Petitioner's Motion for Summary Judgment in *Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, at 14-18; Brief in Support of the Trusts' Motion for Summary Relief in *Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, at 4-8.

4

We credit Appellants' position that the single-judge orders impermissibly operated to overturn the ruling of a higher tribunal, namely, the *en banc* court, and deviated from the law of the case. *See* Pa.R.A.P. 3723 (reflecting the hierarchy of the intermediate courts); *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (explaining that the law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not [generally] reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter"). Our decision, in this regard, is premised on the fact that the single judge failed to identify any material change in the circumstances or viable approach to reconsideration, but rather, provided an unsustainable reason in support of her decision to effectively reconsider.

This Court has not reviewed the merits of the proceedings on summary relief motions and expresses no opinion thereon. Nor do we direct the appropriate course of the further proceedings, since material changed circumstances could perhaps occur, or there might be an appropriate procedural avenue for the *en banc* court to reconsider its dispositive ruling with due, fair, and express consideration of its previous rationale.[4]

---

Indeed, the *Herder Spring* Court employed the rubric of land being unseated as shorthand for the property also being assessed and sold as such, just as has been done in the course of the present litigation. *See Herder Spring*, 143 A.3d at 364-65 ("The parties do not dispute that the Eleanor Siddons Warrant was unseated land at the time of the 1935 tax sale. Accordingly we consider the taxation system on unseated property which we have noted is 'separate and distinct from that enacted for the collection of taxes on other subjects.'" (citation omitted)).

[4] Notably, in a motion seeking reconsideration, Appellants had requested, in the alternative at least, reconsideration before the *en banc* court. *See* Respondents' Application for Relief from Judgment in *Thomas E. Proctor Heirs Trust*, 493 M.D. 2017, at 10. Although the single judge already had committed the dispositive error, it would have facilitated remediation had she referred the matter to the *en banc* court at that time.

5

Presently, we merely credit Appellants' position that the basis for the single-judge rulings was clearly erroneous, and therefore, such rulings cannot stand.